**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| FRED D. GAITHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-474-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Fred D. Gaither, a *pro se* prisoner, filed a Petition for Writ of Habeas Corpus [DE 1] under 28 U.S.C. § 2254, attempting to challenge his probation revocation on March 8, 1996, by the Marion Superior Court in cause number 49G05-9101-CF-13486. The only ground presented by the Petitioner is that the sentencing court explicitly denied him credit for the time he spent in jail prior to sentencing. The Petitioner alleges: "On March 8, 1996, the court violated Gaither's probation and order[ed] him to serve four (4) years with NO days of jail time credit, and NO days confine [*sic*] prior to his sentence." (Pet. 6) (emphasis in original). Under the applicable federal statute, habeas corpus petitions are subject to a one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> 　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 　(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 　(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 　(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one ground presented by the Petitioner is not based on a newly recognized constitutional right nor on newly discovered evidence. Also, he was not physically prevented from filing this habeas corpus petition sooner: since 1999, he has filed nine other cases in this court. As a result, subparagraphs (B), (C), and (D) are not applicable to the facts of this case. Therefore, the one-year clock started on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Petitioner pleaded guilty, and therefore his conviction became final, on March 8, 1996. This date "preceded the April 24, 1996 effective date of the AEDPA, . . . so [the Petitioner] had one year from the date of the enactment of the AEDPA, or until April 24, 1997, to file his federal habeas corpus petition." *Graham v. Borgen*, 483 F.3d 475, 478 (7th Cir. 2007).

The Petitioner did not deposit this Petition into the prison mail system until more than a decade later, on October 10, 2008. Though he states that he filed a petition for jail time credit in the Marion Superior Court on December 19, 2007, that did not toll the period of limitation pursuant to 28 U.S.C. § 2244(d)(2) because, by then, the time for filing a habeas corpus petition had already expired. Because this Petition is untimely, it must be dismissed. Rules Governing Section 2254 Cases, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

For the foregoing reasons, the Habeas Corpus Petition [DE 1] is **DISMISSED** as untimely.

SO ORDERED on November 17, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION